

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BLANCA OLMOS, | § § | |
| Plaintiff, | § § | |
| v. | § § | MISC. B-00-30  B-01-016 |
| COASTAL TRANSPORT | § § | |
| Defendant. | § § | |

### DEFENDANT'S ORIGINAL ANSWER

Defendant Coastal Transport files this Answer to Plaintiff's Complaint and would show as follows:

1. Coastal Transport admits that Plaintiff was hired on September 2, 1996. Coastal Transport admits that Plaintiff had a Class A Commercial Driver's License while employed at Coastal. Coastal Transport has insufficient knowledge to admit the allegations in the first paragraph of Plaintiff's Complaint regarding her current occupation.

2. Coastal Transport denies the allegations in the second paragraph (the paragraph beginning "Approximately May or June of 1997. . .") of Plaintiff's Complaint.

3. Coastal Transport denies, for lack of knowledge, the allegations contained in the third paragraph (the paragraph beginning "I didn't see Linda for the following days . . .") of Plaintiff's Complaint regarding Mr. Torres' statements to Plaintiff. Coastal Transport denies that Mr. Garza made the statements that Mr. Torres allegedly communicated to Plaintiff. Coastal Transport admits that it was aware of rumors that Mr. Torres and Ms. Garcia were dating.

4. Coastal Transport admits that Plaintiff would on occasion assist Mr. Loya with paperwork while waiting for a load. Coastal Transport denies the remaining allegations in the fourth paragraph (the paragraph beginning "A few months later the assistant manager, Mr. Loya . . .") of Plaintiff's Complaint.

5. Coastal Transport admits that Plaintiff occasionally helped Mr. Loya with paperwork. Coastal Transport denies the remaining allegations in the fifth paragraph (the paragraph beginning "I noticed he gave everybody loads and he didn't give me a load . . .") of Plaintiff's Complaint.

6. Coastal Transport denies the allegations contained in the sixth paragraph (the paragraph beginning "A month later the company had a safety meeting . . .") of Plaintiff's Complaint.

7. Coastal Transport admits the allegations contained in the seventh paragraph (the paragraph beginning "Mr. Loya approached me on many occasions . . .") of Plaintiff's Complaint.

8. Coastal Transport admits that Plaintiff had the responsibility to make a report after each delivery and that Plaintiff was, on occasion, told to call Mr. Loya by telephone instead of by radio. Defendant denies the remaining allegations in the eighth paragraph (the paragraph beginning "After each load, I have to report in through the CB . . .") of Plaintiff's Complaint.

9. Coastal Transport denies the allegations contained in the ninth paragraph (the paragraph beginning "Many times, Mr. Loya would touch me and I many times pushed him away . . .") of Plaintiff's Complaint.

10. Coastal Transport denies, for lack of knowledge, the allegations concerning what "Carma" told Plaintiff in the tenth paragraph (the paragraph beginning "One time I bumped into

Carma at the loading rack . . .") of Plaintiff's Complaint. Coastal Transport denies the remaining allegations contained in the tenth paragraph of Plaintiff's Complaint.

11.     Coastal Transport admits that in October 1998 it questioned the Plaintiff and other employees regarding allegations of sexual harassment made by Linda Garcia against Manuel Garza. Coastal Transport admits that Plaintiff filed an injury report on July 6, 1998, in which she complained of an ear ache which she believed was caused by driving a truck with the window down on May 4, 1998. Coastal Transport denies, for lack of knowledge, the allegations concerning Plaintiff's medical treatment of her ear problems, but admits that Plaintiff was out on medical leave from July 8, 1998 through July 19, 1998, and from January 4, 1999 through March 22, 1999, because of her ear problems. Coastal Transport denies the remaining allegations in the eleventh paragraph (the paragraph beginning "A week later after the safety meeting . . .") of Plaintiff's Complaint.

12.     Coastal Transport admits that Plaintiff had a physical examination with the Company's designated doctor in March 22, 1999, following her medical leave. Coastal Transport has insufficient knowledge to either admit or deny the allegations concerning the physical examination itself except that Plaintiff was certified to return to work. Coastal Transport admits that Plaintiff underwent retraining and was assigned a different truck when she returned from her medical leave. Coastal Transport denies the remaining allegations contained in the twelfth paragraph (the paragraph beginning "Upon returning to work, Coastal sent me for a physical examination . . .") of Plaintiff's Complaint.

13.     Coastal admits that Plaintiff had a spill while delivering fuel at a convenience store on May 20, 1999, and that it terminated Plaintiff on May 27, 1999 for failing to properly report the incident. Coastal Transport further admits that it rescinded its termination decision one week later

after conducting an investigation and determining that Plaintiff's failure to report the spill may have been the result of Plaintiff's poor communication skills as opposed to a deliberate decision not to make a report. Coastal Transport denies the remaining allegations in the thirteenth paragraph (the paragraph beginning "On May 27, 1999 I did a load at Circle K #97 . . .") of Plaintiff's Complaint.

14. Coastal Transport admits that Plaintiff had an accident on May 6, 2000 and that she did not return to work after that accident. Coastal Transport has insufficient information to either admit or deny the allegations concerning Ms. Olmos' injuries allegedly caused by the May 6, 2000 accident. Coastal Transport denies the remaining allegations in the fourteenth paragraph (the paragraph beginning "On May 6, 2000, Tex Mart #15 . . .") of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses, Coastal Transport would further show as follows:

1. Plaintiff failed to file an EEOC charge alleging sexual harassment.

2. Plaintiff has stated claims for which relief cannot be granted.

3. Plaintiff has failed to exhaust her administrative remedies.

4. Plaintiff's claims are barred by statute of limitations.

5. Plaintiff has failed to mitigate her damages.

6. Plaintiff's lawsuit should be dismissed because service was untimely.

Respectfully submitted,

*Christopher V Bacon*
CHRISTOPHER V. BACON
Federal ID No. 12670
State Bar No. 01493980
Attorney-in-Charge

DOUGLAS E. HAMEL
Federal ID No. 3644
State Bar No. 088188700
2802 First City Tower
1001 Fannin
Houston, Texas 77002-6760
(713) 758-1148 (Telephone)
(713) 615-5014 (Telecopy)

Attorneys for Defendant
COASTAL TRANSPORT

OF COUNSEL:

VINSON & ELKINS, L.L.P.
First City Tower
Houston, Texas 77002-6760

## CERTIFICATE OF SERVICE

I certify that on this 18th day of January, 2001, Defendant's Original Answer was served on Plaintiff Pro Se by placing same in the United States mail, certified, return receipt requested, with proper postage affixed and addressed as follows:

Blanca Olmos (Pro Se)
United States District Clerk
600 East Harrison, Room 1
Brownsville, Texas 78521

_____
Attorney for Defendant

Houston.422548 1                                       -5-