*13*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 7 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BLANCA OLMOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 01-016 |
| | § | |
| COASTAL TRANSPORT, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S PROPOSED
### CASE MANAGEMENT PLAN

The Court's Order setting conference ordered the Parties to file a <u>Joint</u> Case Management Plan within 14 days of the Initial Pretrial Conference. Coastal Transport's counsel attempted to contact the Plaintiff, who is proceeding *pro se*, by sending her a letter on January 29, 2001, to discuss the filing of a Joint Case Management Plan. The undersigned counsel also attempted to contact Plaintiff by telephone by calling the telephone number at the bottom of Plaintiff's Complaint. That number was no longer in service. Therefore, because Defendant has been unable to contact Plaintiff, it is unable to submit a Joint Case Management Plan. However, in order to assist the Court, Coastal Transport provides the following information in response to the instructions from the Southern District of Texas for the preparation of the Joint Report of the meeting and Joint Discovery/Case Management Plan under Rule 26(f):

    1.    *State where and when the meeting of the Parties required by Rule 26(f) was held, and identify the counsel who attended for each party.* No meeting was held because Defendant's counsel was unable to contact the Plaintiff.

2. *List the cases related to this one that are pending in any state or federal court with the case number and court.* Defendant is unaware of any cases related to this one.

3. *Specify the allegation of federal jurisdiction.* While not specifically pled, Defendant assumes Plaintiff is bringing a claim under Title VII which is a federal statute.

4. *Name the parties who disagree and the reasons.* Defendant does not disagree that this Court would have jurisdiction over a Title VII claim.

5. *List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.* Defendant does not anticipate adding additional parties.

6. *List anticipated interventions.* Defendant does not anticipate any interventions.

7. *Describe class-action issues.* Defendant does not anticipate any class-action issues.

8. *State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.* Defendant has not made its disclosures. Defendant anticipates making its disclosures within ten days of the Initial Pretrial Conference provided Plaintiff appears at said conference.

9. *Describe the proposed Agreed Discovery Plan.* There is no proposed Agreed Discovery Plan. Defendant anticipates sending interrogatories to the Plaintiff and taking her oral deposition within 60 days of making its Initial Disclosures. Defendant also anticipates taking the deposition of any experts designated by Plaintiff. Defendant may take the depositions of individuals identified in Plaintiff's Initial Disclosures.

10      *If the Parties are not agreed on a part of the Discovery Plan, describe the separate views and proposals of each party.*  Not applicable.

11.     *Specify the discovery beyond Initial Disclosures that has been undertaken to date.* None.

12.     *State the date the planned discovery can reasonably be completed.*  Defendant anticipates that the discovery could be completed by Friday, June 29, 2001.

13.     *Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your 26(f) meeting.*  Defendant has not yet had an opportunity to discuss settlement with the Plaintiff.

14.     *Describe what each party has done or agreed to do to bring about a prompt resolution.*  To date, Defendant has not yet had an opportunity to speak with the Plaintiff regarding her lawsuit.

15.     *From the attorney's discussion with the client, state the Alternative Dispute Resolution Techniques that are reasonably suitable.*  Defendant may be amendable to submitting this dispute to mediation before a Magistrate Judge.

16.     *Indicate the Parties' joint position on a trial before a Magistrate Judge.*  Because Defendant has not yet been able to confer with Plaintiff regarding trial before a Magistrate Judge, it would be inappropriate for Defendant to reveal its position on that issue.

17.     *State whether a jury demand has been made and if it was made on time.*  No jury demand has been made.

18.     *Specify the number of hours it will take to present the evidence in this case.* Defendant anticipates that it would take eight hours to present evidence in this case.

- 3 -

CMsPDF - www.fesito.com

19.     *List pending motions that could be ruled on at the Initial Pretrial and Scheduling Conference.*  There are none.

20.     *List other motions pending.*  There are none.

21.     *Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.*  There are none.

22.     *List the names, bar numbers, addresses, and telephone numbers of all counsel.* Defendant does not know if Plaintiff is represented by counsel.  Defendant is represented by the following counsel:

       Christopher V. Bacon
       Federal Bar No. 12670
       Attorney-in-Charge
       Douglas E. Hamel
       Federal Bar No. 3644
       2802 First City Tower
       1001 Fannin
       Houston, Texas 77002-6760
       (713) 758-1148 (Telephone)
       (713) 615-5014 (Telecopy)

               Very truly yours,

               CHRISTOPHER V. BACON
               Federal Bar No. 12670
               Attorney-in-Charge
               DOUGLAS E. HAMEL
               Federal Bar No. 3644
               2802 First City Tower
               1001 Fannin
               Houston, Texas 77002-6760

               ATTORNEYS FOR DEFENDANT
               COASTAL TRANSPORT

## CERTIFICATE OF SERVICE

I certify that on the 6th day of February, 2001, a correct copy of the foregoing Defendant's Proposed Case Management Plan has been served on Plaintiff at the following addresses by placing same in the U.S. mail, certified, return receipt requested, with proper postage affixed and addressed as follows:

Blanca Estela Olmos
c/o Butch Barbosa, Deputy-in-Charge
United States District Court
Southern District of Texas
Brownsville Division
600 East Harrison, Room 101
Brownsville, Texas 78520

Attorney for Defendant

457144_1.DOC

# Vinson&Elkins

### ATTORNEYS AT LAW

VINSON & ELKINS L.L.P.
2300 FIRST CITY TOWER
1001 FANNIN STREET
**HOUSTON, TEXAS 77002-6760**
TELEPHONE (713) 758-2222
FAX (713) 758-2346

Writer's Phone: 713-758-1148
Writer's Fax 615-5014

E-mail cbacon@velaw.com
Web www.velaw.com

January 29, 2001

Ms. Blanca Olmos
c/o United States District Court
600 East Harrison, Room 1
Brownsville, Texas 78520

> Re:   MISC. B-00-30; *Blanca Olmos v. Coastal Transport Co., Inc.*; In the U.S. District Court for the Southern District of Texas,

Dear Ms. Olmos:

In its Order Setting Conference, the Court has instructed the parties to file a Joint Case Management Plan at least 14 days before the February 22, 2001 conference. By my calculations, our Joint Case Management Plan must be filed with the Court no later than February 8, 2001. Please call me as soon as possible so that we can discuss this filing.

Very truly yours,

Christopher V. Bacon

1014 2951
Houston 448955 1

cc:   **By Telecopy**
Ms. Gail Rabinowitz
Kemper Insurance Companies
500 West Madison, Suite 1100
Chicago, IL 60661

Mr. Douglas E. Hamel [Firm]
Ms. Yvette V. Gatling [Firm]



HOUSTON   AUSTIN   BEIJING   DALLAS   LONDON   MOSCOW   NEW YORK   SINGAPORE   WASHINGTON D.C.